IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DALLAS MICHAEL ACOFF,

    Plaintiff,

v.                                          Civil Action No. 5:16CV78
                                                    (STAMP)
JOHN R. GORBY, SGT.
and MICHAEL CROGHAN,

    Defendants.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION TO DISMISS,
CONSTRUED AS A MOTION FOR SUMMARY JUDGMENT
AND OVERRULING PLAINTIFF'S OBJECTIONS**

The pro se[1] plaintiff, Dallas Michael Acoff ("Acoff"), filed this civil action asserting claims under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge James E. Seibert. The defendants filed a motion to dismiss, which the magistrate judge construed as a motion for summary judgment under Federal Rule of Civil Procedure 12(d). Magistrate Judge Seibert issued a report recommending that the defendants' motion be granted. The plaintiff filed objections to the report and recommendation. For the following reasons, the magistrate judge's report and recommendation is adopted and affirmed, the defendants'

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

motion to dismiss construed as a motion for summary judgment is granted, and the plaintiff's objections are overruled.

## I. Facts

Acoff alleges that, while incarcerated at the Northern Regional Jail ("NRJ"), he was beaten and pepper sprayed in violation of the Eighth Amendment. A tower guard reported that a group of inmates were congregating around one of the cells, so Michael Croghan ("Croghan") went to investigate. ECF No. 20-1 at 1. At the cell, Croghan smelled alcohol and attempted to enter the cell to search for it. Id. However, Acoff blocked the cell entrance while another inmate flushed the contraband. Id. Croghan pushed Acoff aside, entered the cell, and searched it. Id. John R. Gorby ("Gorby") then ordered the inmates back to their cells and put them into lockdown. Id.

Acoff refused to comply with several orders to be handcuffed and returned to his cell. Id. Acoff was then pepper sprayed and ordered to comply again. Id. He continued to refuse and threw a carton containing milk at the cell door. Id. Acoff eventually complied, and he was handcuffed, removed from the cell, and taken to the medical unit where he was examined by a nurse. Id.

Acoff was then taken to the booking room where he was placed into a restraint chair. Id. Acoff continued to refuse to comply with commands and thrashed around in the chair until one of his legs came loose. Id. As the officers attempted to restrain the

loose leg, Acoff continued to thrash, throwing his head around. Id. Gorby and another officer attempted to apply pressure to Acoff's hypoglossal pressure point, under the chin, but it was ineffective. Id. The officers then successfully applied pressure to Acoff's jugular notch pressure point, where the neck and sternum meet, and the officers were able to strap Acoff's leg down and regain control over him. Id. During and after this struggle, Acoff yelled at the officers and made comments that could be interpreted as vague threats. The defendants provided video of most of the encounter, which this Court has reviewed and finds to be consistent with the facts recited above.

The defendants filed a motion to dismiss that relies upon attached incident reports and the video. The magistrate judge entered a report recommending that the defendants' motion to dismiss, construed as a motion for summary judgment, be granted. Acoff then filed timely objections to the report and recommendation.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because Acoff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which

objections were not filed, those findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Under Rule 12(d), if "on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Under Federal Rule of Civil Procedure 56, this Court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against the plaintiff. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex, 477 U.S. at 322-23. "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992). However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

## III. Discussion

While the magistrate judge did not expressly consider qualified immunity, the defendants raise the issue in their motion to dismiss. Accordingly, this Court considers the issue de novo. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). Courts must consider two steps in determining whether an official is entitled to qualified immunity. Id. at 232. "First, a court must decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right. Second, . . . the

court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." Id. Courts need not determine whether a violation has occurred if the court finds the right at issue was not clearly defined. Id. at 236.

"[T]he Eight Amendment forbids 'the unnecessary and wanton infliction of pain'" by a prison official. Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). To prove an excessive force claim, a plaintiff must show: (1) that the prison official's use of force was objectively harmful such that it violates contemporary standards of decency; and (2) that the prison official's use of force was not "applied in a good-faith effort to maintain or restore discipline," but was intended to "maliciously and sadistically . . . cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). It is the nature of the force used, and not the extent of the injury caused, that serves as the relevant inquiry. Wilkins v. Gaddy, 559 U.S. 34, 34 (2010). However, "not every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 37-38. Thus, "an inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Id. at 38.

First, Acoff argues that Croghan and Gorby "continually harassed him by excessive cell searches and forcibaly [sic] pushed [sic] him into a cell using unnecessary force." ECF No. 28 at 2. However, the incident report and video evidence provided by the defendants shows that Acoff obstructed the officers' investigation of possession of contraband alcohol, that he intentionally blocked Croghan's entry into the cell, and that he refused to comply with the officers' orders. This Court finds that the defendants' push and search were done in a good faith effort to maintain and restore discipline. Further, Acoff does not allege an actual injury from the push, and "an inmate who complains of a 'push or shove' that causes no discernible injury . . . fails to state a valid excessive force claim." Wilkins, 559 U.S. at 38.

Second, Acoff alleges the officers used excessive force when restraining him in the booking room by pepper spraying, choking, and punching him. However, the video evidence confirms that Acoff was pepper sprayed only when he refused to comply with orders to be removed from the cell. He was not pepper sprayed in the booking room while restrained, he was not punched, he was not choked, and he did not have any visible injuries immediately after the struggle. Further, the officers grabbed Acoff's leg and applied force to pressure points on and around his neck and head in a good faith attempt to restore discipline and to protect themselves from Acoff's kicking and thrashing. While Acoff provided photos of his

7

alleged facial injuries, at most those photos show minor bruising and only de minimis injuries.

This Court finds that no reasonable jury could conclude that the defendants violated Acoff's Eighth Amendment rights.  Thus, the defendants are entitled to qualified immunity and summary judgment.

IV. Conclusion

For the above reasons, the magistrate judge's report and recommendation (ECF No. 26) is ADOPTED AND AFFIRMED.  The defendants' motion to dismiss, construed as a motion for summary judgment, (ECF No. 19) is GRANTED and Acoff's objections to the report and recommendation (ECF No. 28) are OVERRULED.  It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:        August 17, 2017

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE